IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrell A. Addison, | C/A No. 0:11-909-CMC-PJG |
| Plaintiff, | |
| vs. | |
| YCDC Officer Polt; Sgt. McClure; Sgt. Holt; Officer Fylord; and Lt. Hogg, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

The plaintiff, Terrell A. Addison ("Addison"), a self-represented state prisoner, filed this civil rights action against the named defendants.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 25.) By order of this court filed pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. (ECF No. 26.) Addison filed a response in opposition to the defendants' motion (ECF No. 38) and the defendants filed a reply (ECF No. 42). Having carefully considered the parties' submissions and the applicable law, the court finds that the defendants' motion for summary judgment should be granted.

**BACKGROUND**

The events at issue in Addison's Complaint occurred while Addison was housed at York County Detention Center. Addison alleges that one morning "around May through September" the

---

[1] The defendants assert in their motion for summary judgment that they are correctly identified as follows: YCDC Officer Poage, Sgt. McClure, Sgt. Hope, Officer Floyd, and Lt. Hall.

Page 1 of 6



defendants used excessive force on him by employing a taser on him and beating him with a stick. (Compl., ECF No. 1 at 1-2.) He further alleges that the defendants conspired for the purpose of injuring him and knocked out his teeth. (Id. at 2.) Addison claims that the supervisors were aware of the incident and failed to fire the defendants for their misconduct. Addison alleges that he has suffered physical and emotional injury and requests monetary damages and medical attention. (Id. at 3.)

## DISCUSSION

**A.**     **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.



The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Statute of Limitations**

The defendants argue that Addison's claims are barred by the statute of limitations. Although the date of the taser incident is unclear from the face of the Complaint, the defendants provide the Affidavit of Chief Jail Administrator James F. Arwood as well as incident reports that show that Addison was tasered on two occasions while housed at the York County Detention Center. (See Arwood Aff., ECF No. 25-4; Incident Reports, ECF Nos. 25-6, 25-7, 25-8, & 25-9.) The latter of the two events occurred on August 26, 2007, when Addison was housed in Housing Unit A-Cell 20 (see Arwood Aff. ¶ 3, ECF No. 25-4 at 3)—the same cell that Addison references in his Complaint.[2] (Compl. ¶ 3, ECF No. 1 at 1.)

---

[2] Addison also appears to rely on this date in his response in opposition to the defendants' motion. (ECF No. 38.)

PJG

The applicable statute of limitations for a § 1983 claim arising in South Carolina is three years. See Owens v. Okure, 488 U.S. 235 (1989); S.C. Code Ann. § 15-3-530(5). To the extent that Addison raises claims pursuant to the South Carolina Tort Claims Act ("SCTCA"), the limitations period is generally two years.[3] See S.C. Code Ann. § 15-78-110. To the extent that Addison's Complaint alleges that the defendants were acting outside the scope of their employment, any state law claims that Addison may be asserting against the defendants individually are governed by a three-year statute of limitations. See S.C. Code Ann. § 15-3-530(5). Giving Addison the benefit of the doubt, there can be no question that any cause of action based on the alleged facts accrued no later than August 26, 2007—the latest of the two tasering incidents. Addison filed the instant Complaint on April 11, 2011. See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). Thus, the instant case was filed well beyond the applicable statutes of limitation.

Addison filed a response in opposition to the defendants' motion. (ECF No. 38.) However, he fails to refute the defendants' evidence that his claims are time barred or present any compelling argument that his claims are not governed by the limitations periods addressed above.

---

[3] A plaintiff may extend the limitations period under the SCTCA to three years by filing a verified claim pursuant to S.C. Code Ann. § 15-78-80.

PJG

**RECOMMENDATION**

The record unequivocally shows that Addison filed this action beyond the limitations periods for his claims. Accordingly, the court recommends that the defendants' motion for summary judgment be granted. (ECF No. 25.)

May 30, 2012  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).