IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Terrell Addison, | ) | C/A NO.  0:11-909-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| YCDC Officer Polt; Sgt. McClure; Sgt. Holt; | ) | |
| Officer Fylord; and Lt. Hogg, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report").  On May 30, 2012, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be granted.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff filed objections to the Report on June 14, 2012.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28

1

U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the findings of the Report. Therefore, the court adopts the Report by reference in this Order.

Plaintiff seeks to excuse his failure to file within the applicable statute of limitations period "because of my serious . . . health and pain [issues] caused by" Defendants, and that he attempted to seek legal help for his claim, but that York County Detention Center officials would not allow the individual he contacted into the jail "to take photos." Obj. at 1 (ECF No. 49). These purported extenuating circumstances are insufficient to toll the statute of limitations for such a period as to make the filing of this complaint timely.

Defendants' motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 26, 2012